**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5164**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MALIK RASHAD JOHNSON,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, Chief District Judge. (4:11-cr-0022-D-1)

———————

Submitted: July 10, 2012      Decided: August 1, 2012

———————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malik Rashad Johnson was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2006), and sentenced to thirty-seven months' imprisonment. He appeals the district court's denial of his motion to suppress. We affirm.

We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and its legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). When evaluating the denial of a suppression motion, we construe the evidence in the light most favorable to the Government. Id.

When a vehicle has been lawfully stopped, a police officer may order a passenger to exit the vehicle and frisk that passenger when he has a reasonable suspicion that the passenger is armed and dangerous. Arizona v. Johnson, 555 U.S. 323, 326 (2009). Reasonable suspicion is "a particularized and objective basis for suspecting that the person to be frisked is armed and dangerous" and must be made using common sense and measured by a totality of the circumstances. United States v. Powell, 666 F.3d 180, 186 (4th Cir. 2011). A person's possible involvement in prior criminal activity can be relevant in establishing reasonable suspicion. Powell, 666 F.3d at 188; United States v. Holmes, 376 F.3d 270, 278 (4th Cir. 2004). Knowledge of gang

2

affiliation is also relevant to the reasonable suspicion analysis. Holmes, 376 F.3d at 278. We have noted that "all roadside traffic encounters are potentially dangerous for law enforcement officers." Powell, 666 F.3d at 186 n.6.

Our review of the evidence presented at the suppression hearing leads us to conclude that the information known to the officer, considered in totality, created reasonable suspicion that Johnson was armed and dangerous sufficient to justify the frisk.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED